# UNION REFRIGERATOR TRANSIT COMPANY *v.* LYNCH.

## ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 207. Argued March 21, 1900.—Decided April 9, 1900.

Cars of the Union Refrigerator Transit Company, a corporation of Kentucky, engaged in furnishing to shippers refrigerator cars for the transportation of perishable freight, and which were employed in the State of Utah for that purpose, were subject to taxation by that State.

THE Union Refrigerator Transit Company filed its bill in the District Court in and for Salt Lake County, State of Utah, against Stephen H. Lynch, treasurer of Salt Lake County and collector of taxes therein, alleging: " That it is and was during all the times hereinafter mentioned a corporation duly organized and existing under and by virtue of the laws of the State of Kentucky ; that its principal office and place of business is in the city of Louisville, in said State, and was and is engaged exclusively in the business of furnishing to shippers refrigerator cars for the transportation of perishable freight over the various lines of railroads throughout the United States and of soliciting shipments for such cars and giving to the said cars needful attention at various points in transit ; that the said cars are and were during the said times the sole property of the plaintiff, and are not and were not during any of the said time allotted,

leased, rented or furnished under contract to any railroad company or companies or carriers of freight; nor were they run on any particular line or lines of railroad; nor were they confined to any particular route or routes, nor in any particular trains, nor at any specified or agreed times, but are and were run indiscriminately over the lines of railroad over which consignors of freight shipped in such cars choose to route them in shipping.

"The plaintiff further alleges that the business in which said cars, including the cars hereinbefore mentioned, are and were during the said times engaged in was exclusively interstate commerce business, being confined to interchange and transportation of perishable products of the various parts of the United States from points in some of said States to points in others of the said States; that plaintiff has not now and has not had any office or place of business within the State of Utah, and that all freight transported in plaintiff's cars in or through the State of Utah, including the cars hereinafter mentioned, was transported in said cars either from a point or points in a State of the United States outside of the State of Utah to a point or points within the State of Utah, or from a point or points within the State of Utah to a point or points without the State of Utah, or between points neither of which were within the State of Utah; and that said cars were within the said State of Utah at no regular intervals nor in any regular number, and when in said State of Utah were only within it in transit, except to load or unload freight shipped from within out of said State or coming into said State from without the same or in the transportation of freight entirely through or across said State, and at such times the said cars were only transiently present for the said purposes and not otherwise.

"And plaintiff further alleges that said cars do not and did not abide, nor have they at any time had any *situs* within the said State of Utah, nor has this plaintiff, nor has it heretofore at any time had other property of any description whatsoever located within the State of Utah.

"And plaintiff alleges that its cars so used as hereinbefore stated, and not otherwise, are not subject to tax within the said State for any purpose whatsoever.

" That, notwithstanding the aforesaid facts, the state board of equalization of the State of Utah unlawfully and wrongfully on the 14th day of August, 1897, assessed and valued, of the property of the plaintiff, ten cars of the aggregate assessment of $2600, for all purposes of county and state taxation for the year 1897, and thereafter wrongfully and unlawfully apportioned the said assessment to the several counties in the said State of Utah through which lines of railway pass and over which the said cars might pass or be transported ; that among the counties to which said apportionment was made was the county of Salt Lake, and there was by the said board apportioned to said county of Salt Lake of the said assessment the sum of $210.00.

" That the taxes levied upon the said property so assessed and apportioned to Salt Lake County for state, state school, county, city and city school taxes amounted to the sum of $5.76 ; that the said tax was and is by reason of the aforesaid facts illegal and void."

Plaintiff then averred the payment of the tax, under written protest, claiming the tax to be illegal, in order to avoid the seizure and sale of its property and to prevent incurring the penalties provided by law, and prayed judgment for the sum of $5.76 and interest, and for costs. Defendant filed a general demurrer to the complaint, which was sustained, and, plaintiff electing not to amend but to stand on its complaint, judgment of dismissal with costs was entered. The cause was then taken to the Supreme Court of Utah and the judgment affirmed. 18 Utah, 378. Thereupon this writ of error was allowed by the Chief Justice of that court.

*Mr. Percy Werner* for plaintiff in error. *Mr. Parley L. Williams* was on his brief.

*Mr. Joseph L. Rawlins* for defendant in error. *Mr. Charles S. Varian* was on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The constitution of the State of Utah provided that : " All

property in the State, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law;" and that: "All corporations or persons in this State, or doing business herein, shall be subject to taxation for state, county, school, municipal or other purposes, on the real and personal property owned or used by them within the territorial limits of the authority levying the tax." Constitution, Art. 13, §§ 2, 10.

Some question was raised in the Supreme Court of Utah as to the proper construction and scope of the state statutes in respect of taxation, but the court held that by those laws all property, owned or used by railway, car, telephone, telegraph and other companies, within the territorial limits of the State, was subjected to taxation according to its value regardless of the domicil of its owner.

The contention on this writ of error is that the taxation of the ten cars of plaintiff in error was forbidden by the Constitution of the United States because they had no *situs* for that purpose in the State of Utah, and the tax imposed a burden on interstate commerce.

In *American Refrigerator Transit Company* v. *Hall*, 174 U. S. 70, quotations were made from the opinions in *Pullman's Palace Car Company* v. *Pennsylvania*, 141 U. S. 530; *Adams Express Company* v. *Ohio*, 165 U. S. 194, and *Adams Express Company* v. *Ohio*, 166 U. S. 185, and the conclusion of the court was thus expressed: "It having been settled, as we have seen, that where a corporation of one State brings into another, to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property, thus used and employed, its fair share of the burdens of taxation imposed upon similar property used in like way by its own citizens, we think that such a tax may be properly assessed and collected, in cases like the present, where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business, and that the tax may be fixed by an appraisement and valuation of the average amount of the property thus habitually used and employed. Nor would the fact that such

cars were employed as vehicles of transportation in the interchange of interstate commerce render their taxation invalid."

The case before us involves the taxation by the State of Utah of certain cars belonging to a corporation of Kentucky; the case cited involved the taxation by the State of Colorado of certain cars belonging to a corporation of Illinois; and if this case comes within the rule laid down in that case, nothing further need be said.

In that case the facts were stipulated; and it appeared that the American Refrigerator Transit Company was a corporation duly organized and existing by virtue of the laws of the State of Illinois, with its principal office in the city of East St. Louis in said State; that it was engaged in the business of furnishing refrigerator cars for the transportation of perishable products over the various lines of railroads in the United States; that these cars were the sole and exclusive property of the plaintiff, and that the plaintiff furnished the same to be run indiscriminately over any lines of railroad over which shippers on said railroads might desire to route them in shipping, and furnished the same for the transportation of perishable freight upon the direct request of shippers or of railroad companies requesting the same on behalf of shippers, but on the responsibility of the carrier and not of the shipper; and plaintiff had not and never had had any contract of any kind whatsoever by which its cars were leased or allotted to or by which it agreed to furnish its cars to any railroad company operating within the State of Colorado; that it had and had had during said times no office or place of business nor other property than its cars within the State of Colorado, and that all the freight transported in plaintiff's cars in or through the State of Colorado, including the cars assessed, was transported in such cars either from a point or points of the United States outside of the State of Colorado to a point in the State of Colorado, or from a point in the State of Colorado to a point outside of said State, or between points wholly outside of said State of Colorado, and said cars never were run in said State in fixed numbers nor at regular times, nor as a regular part of particular trains, nor were any certain cars ever in the State of Colorado, except as engaged in

such business aforesaid, and then only transiently present in said State for such purposes.

All these matters were set up, *mutatis mutandis*, in the complaint in this case in substantially the same language employed in setting forth the facts in that case.   But it was also there stipulated : " That the average number of cars of the plaintiff used in the course of the business aforesaid within the State of Colorado during the year for which such assessment was made would equal forty, and that the cash value of plaintiff's cars exceeds the sum of $250 per car, and that if such property of the plaintiff is assessable and taxable within such State of Colorado, then the amount for which such cars, the property of the plaintiff, is assessed by said state board of equalization is just and reasonable, and not in excess of the value placed upon other like property within said State for the purposes of taxation."

The complaint in this case contained no averment as to the average number of cars of plaintiff in error used in the State of Utah, but it did show that the company was doing business in Utah in the year for which the tax in question was levied, and that it was running its cars into and through the State, using, employing and caring for them there for profit, in the same manner as the cars in that case, and it was not alleged that the assessment by the state board of equalization was unreasonable, or unjust, or in excess of the valuation of other like property for taxation, or that the method of apportionment was erroneous.   The presumption is that the action of the taxing officers was correct and regular, and that the number of cars assessed by the state board of equalization was the average number used and employed by plaintiff in error in the State of Utah during 1897.

The objection is not that too many cars were assessed, or that they were assessed too much, or in an improper manner, even if we could consider such questions, but simply that they could not be taxed at all.   And this objection was considered and overruled in the case to which we have referred.

*Judgment affirmed.*

Mr. Justice White did not hear the argument and took no part in the consideration and disposition of this case.