GERMANIA REFINING CO. *v.* AUDITOR GENERAL.

1. TAXATION—ROLLING STOCK—OIL CARS—CONSTITUTIONAL LAW— VALIDITY OF STATUTE.

Act No. 49, Pub. Acts 1909 (1 How. Stat. [2d Ed.] § 1958), amending Act No. 282, Pub. Acts 1905, provides that the State board of assessors shall make an annual assessment

of property of railroad companies and all other companies owning, leasing, or operating freight or other cars, not being exclusively the property of the railroad company that pays taxes upon its rolling stock under this act, and that the term property should be deemed to include all property, real or personal, belonging to persons, corporations, etc., subject to taxation under this act, and all other property used in carrying on their business, and that the term company, corporation, copartnership, association, or person, should include any other companies owning, leasing, running, or operating any such cars. Complainants were foreign corporations, one of them having a subsidiary corporation or association in the State of Michigan which purchased its products. In carrying on their business complainants provided tank cars for the use of the railroad companies over whose lines its freight passed and received as a part consideration therefor a credit upon their freight bills of three-fourths of a cent per mile, complainants to pay for all repairs upon the cars. A higher rate was provided for in case the cars were returned over the line of another company. *Held*, that a tax upon the tank cars of the defendant was properly levied in pursuance of the statute and that the same was valid and constitutional under section 5, Article 10, of the Constitution.

2. SAME.

The provisions of this statute were intended to include all cars of every person or corporation which run or operate upon the railroads of this State unless already taxed, and are intended to be practically identical with those of the Constitution and are limited to property which has a situs in the State.

3. SAME.

The contention that, because power is furnished by the transportation companies for tank cars, they are therefore not within the scope of the statute is untenable, since the cars are conducted by appellants over and upon the lines of railways in this State; appellants must be held to be engaged in the business of operating cars on such railroads.

Appeal from Ingham; Wiest, J. Submitted January 30, 1914. (Docket No. 72.) Decided March 18, 1915.

Bill by Germania Refining Company and the Independent Refining Company of Pennsylvania against Oramel B. Fuller, auditor general of the State of Michigan, and the State board of assessors to set aside a tax upon cars owned by the complainants. From a decree for defendants, complainants appeal. Affirmed.

*S. L. Kilbourne* and *C. D. Chamberlin,* for complainants.

*Grant Fellows,* Attorney General, and *Thomas A. Lawler,* Assistant Attorney General, for defendants.

McALVAY, J.  The complainant the Germania Refining Company is a Pennsylvania corporation. The complainant the Independent Refining Company, Limited, is a limited partnership organized and existing under the laws of Pennsylvania. The former has its principal offices in the village of Rouseville, Fenango county, in said State, and the latter has its offices in Oil City, in said State. Both are engaged in operating oil refineries in the respective places mentioned, and in connection therewith each owns a large number of tank cars used in transporting their products by various railroad companies into and through the State of Michigan and various other States. Each manufactures lubricating and illuminating oils and their products from crude petroleum, which are sold and shipped by them in their tank cars to dealers and consumers in several States, including the State of Michigan. The Germania Refining Company deals only with the citizens of the State of Michigan by selling its products to them delivered in its tank cars f. o. b. to the railroad companies at Rouseville, Pa., which cars are treated by the carriers the same as other cars, and, under the agreement with the transportation companies hereinafter mentioned, are taken and returned to complainant.

The Independent Refining Company, Limited, owns a business in Grand Rapids, Mich., known as the Grand Rapids Oil Company, which it prosecutes as a separate business and as its customer, and does not sell its products in Michigan to other concerns. Sales are made by it at Oil City, Pa., in the same manner as the sales above described made by the Germania Refining Company, and the products are transported in bulk in its tank cars in the same manner and under the same agreement with the carriers.

The defendant board of assessors for the years 1906, 1907, 1908, and 1909, claiming to be authorized by the Constitution and laws of this State then in force, assessed to these complainants taxes on these tank cars in due form as provided by law, and assessment rolls for the same were delivered to the defendant auditor general of this State, with the warrants of said board for the collection thereof duly attached, and the amount of the same now appears as unpaid taxes of the State of Michigan.

Complainants contend that in the profitable conduct of their business it is necessary for them to own and use tank cars which the railroads cannot furnish in sufficient number to fill the demand of the refineries. They therefore furnish their own tank cars, and have an arrangement with the railroads for the transportation of their products in such cars under which they pay regular freight charges on shipments, and are credited or paid by the railroads as compensation for the use of the cars three-quarters of a cent per mile between the railroad terminals, for both the loaded and empty haul, provided the empty haul is over the same line; otherwise the carriers charge four cents per mile for the haul of the empty car.

Complainants insist that the foregoing facts disclosed by this record show that their property is not subject to taxation under the laws of this State; that

they have not been, and are not now, engaged in the business of transportation within the State of Michigan. Complainants therefore filed their bill of complaint in this cause in the circuit court for Ingham county, in chancery, asking that defendant auditor general be restrained from collecting, or attempting to collect, any of the aforesaid taxes; that complainants be decreed to be exempt from taxation in the State of Michigan under the laws thereof; that the warrants to the auditor general be decreed to be void; and that defendant State board of assessors be perpetually enjoined from assessing complainants' tank cars.

This cause was heard upon pleadings and proofs taken in open court, and, after due consideration, a decree was entered against complainants dismissing their bill of complaint. The case is before this court for consideration upon an appeal by complainants from such decree.

The material facts in this case are not in dispute. The questions presented and argued before this court are questions of law, and relate to the consideration of a portion of article 10 of the Constitution, and also to the construction of a portion of Act No. 282, Pub. Acts 1905, as amended by Act No. 49, Pub. Acts 1909 (1 How. Stat. [2d Ed.] § 1955 *et seq.*). The portion of the Constitution involved necessary to be quoted is section 5 of article 10 of the Constitution, as follows:

"SEC. 5. The legislature may provide by law for the assessment at its true cash value by a State board of assessors, of which the governor shall be *ex officio* a member, of the property of corporations and the property, by whomsoever owned, operated or conducted, engaged in the business of transporting passengers and freight, transporting property by express, operating any union station or depot, transmitting messages by telephone or telegraph, loaning cars, operating refrigerator cars, fast freight lines or other car lines and running or operating cars in any manner

upon railroads, or engaged in any other public service business; and for the levy and collection of taxes thereon."

The statute under which the taxes in question were assessed and levied is Act No. 282, Pub. Acts 1905, as amended by Act No. 49, Pub. Acts 1909. Portions of sections 4 and 5 necessary to be quoted read as follows:

"Sec. 4. It shall be the duty of said board to make an annual assessment upon an assessment roll, to be prepared by said board, of the property, by whomsoever owned, operated or conducted, and having a situs in this State as hereinafter defined, of railroad companies, union station and depot companies, telegraph companies * * * and all other companies owning, leasing, running or operating any freight, stock, refrigerator, or any other cars not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this State. * * *

"Sec. 5. The term property, as used in this act, shall be deemed to include all property, real or personal, belonging to the persons, corporations, companies, copartnerships and associations subject to taxation under this act, * * * and all other property used in carrying on their business and owned by them respectively, * * * [followed by certain provisions and exceptions not material]. The term company, corporation, copartnership, association, or person, wherever used in this act, shall apply to and be construed as referring respectively to any railroad company * * * [specifically naming other companies], and any other companies owning, leasing, running, or operating any freight, stock, refrigerator, or any other cars, not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this State; and to any firm, joint-stock association, copartnership, corporation or any other association, or person, engaged in carrying on any business, the property of which is subject to taxation under this act.

The term 'property having a situs in this State' shall include all the property, real and personal, of the persons, corporations, companies, copartnerships and associations enumerated in this act, owned, used and occupied by them within the limits of this State, and also such proportion of their rolling stock, cars and other property as is used partly within and partly without this State, as herein provided to be determined."

Before we consider the application of the provisions of the Constitution and statutes to the complainants, their property and its use, within the State of Michigan, and determine whether it has been properly or improperly assessed for taxes, we should consider what, under the undisputed facts disclosed by the record, this property is, for what purpose and use it is brought into and taken out of this State, and for whose use and benefit it is operated.

In their bill of complaint complainants state that they are created and authorized to do business by virtue of the laws of the State of Pennsylvania, of which they are residents, and in which their places of business are located; that their business is refining and selling oils and lubricators; that for the profitable conduct of their business they own many large tank cars, each of 6,500 to 8,500 gallons capacity; that they sell their products in bulk loaded in such tank cars at their respective places of business to their customers f. o. b. these tank cars, where they are accepted by the transportation companies, and are taken by said carriers over their railroad lines to their destinations in the State of Michigan, where the contents are delivered to the customers, for which haul, if returned over the same line, the carriers pay to the complainants for the use of each car three-quarters of a cent per mile for the round trip. If the return trip should be by another line, it is claimed that four cents per mile is charged complainants for the distance. The

record indicates that usually, if not always, the three-quarters of a cent per mile is not paid complainants in cash, but credited to them on freight account, and also that these tank cars are in the possession and control of the carriers from the time of receipt by them until returned, and that complainants pay for all repairs thereon.

It appears from these facts that complainants' cars are used exclusively by them in their business over the railway lines of the carriers to which they are delivered for the purpose and upon the terms stated.

Let us first consider the scope of the constitutional and statutory provisions involved and the intent therein contained as to the classes of property affected and the uses thereof which would bring such property clearly within the purview of the Constitution and law. There is no question involved of the constitutionality of the statute under consideration.

The provisions of section 5 of article 10 of the Constitution above quoted, are not complicated or difficult to be understood. This section simply empowers and authorizes the legislature by law to provide for the assessment, by a State board of assessors, of the property of corporations and the property by whomsoever owned, operated, and conducted, engaged in the business of

"transporting passengers and freight * * * transporting property by express, * * * operating refrigerator cars, fast freight lines or other car lines and running or operating cars in any manner upon railroads, or engaged in any other public service business; and for the levy and collection of taxes thereon."

In pursuance of this constitutional authority, and for the purpose of carrying the same into effect, we find Act No. 282, Pub. Acts 1905, as amended by Act No. 49, Pub. Acts 1909, now in force and effect. Sec-

184 Mich.—40.

tion 4 of this act requires the State board of assessors to make an annual assessment, upon an assessment roll to be prepared by it,

"of the property by whomsoever owned, operated, or conducted and having a situs in this State, as hereinafter defined, of railroad companies * * * and all other companies owning, leasing, running or operating any freight, stock, refrigerator, or any other cars, not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this State."

Section 5 of this act deals with definitions of words used therein, as follows:

"The term property, as used in this act, shall be deemed to include all property, real or personal, belonging to the persons, corporations, companies, copartnerships, and associations subject to taxation under this act. * * * "

Also:

"The term company, corporation, copartnership, association, or person, wherever used in this act, shall apply to and be construed as referring respectively to any railroad company, * * * and any other companies owning, leasing, running or operating any freight, * * * or any other cars, not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this State; and to any firm, joint-stock association, copartnership, corporation, or any other association or person, engaged in carrying on any business, the property of which is subject to taxation under this act."

Also:

"The term 'property having a situs in this State' shall include all the property, real and personal, of the persons, corporations, * * * enumerated in this act owned, used and occupied by them within the limits of this State, and also such proportion of their

rolling stock, cars and other property as is used partly within and partly without this State, as herein provided to be determined."

Other sections of this act provide with particularity the details of making an assessment, and ascertaining the true cash value of property, and other matters which do not require to be stated because not necessary to the determination of the questions involved in this case.

While the principal contention of appellants is, as has already been stated, that the provisions of the statute in question are not broad enough to include the property belonging to them upon which it is sought to impose the taxes in question, yet, to a considerable extent, counsel have discussed in their brief the general power of the State to impose taxes, the question of the situs of the property which may be taxed, in connection with the maxim, *"Mobilia sequuntur personam,"* and State taxation in interference with interstate commerce. It does not appear to us that these questions require discussion. In cases similar to the instant case they have been discussed, as far as they have any bearing upon the questions here involved, in upholding the authority of State taxation upon the property of the class to which this is claimed to belong.

As was said by the learned trial judge in his opinion:

"The right of a State to tax cars owned out of the State by corporations causing them to come into the State, in carrying on the business done by railroads, or by individuals using the roads for their cars to transact business strictly railroad business, has been so thoroughly decided by the repeated decisions of the Supreme Court of the United States that it is no longer an open question." *Adams Express Co.* v. *Ohio,* 166 U. S. 185, 17 Sup. Ct. 604; *Pullman, etc., Car Co.* v. *Pennsylvania,* 141 U. S. 18, 11 Sup. Ct. 876; *Ameri-*

*can, etc., Transit Co.* v. *Hall,* 174 U. S. 70, 19 Sup. Ct. 599; *Union, etc., Transit Co.* v. *Lynch,* 177 U. S. 149, 20 Sup. Ct. 631.

In some of the cases above cited the provisions of the statute relative to arriving at an equitable assessment of the property upon which the taxes were levied were practically the same as in the instant case. It is the contention of appellants that the statute in question applies only to such corporations and companies as are actually engaged in the business of owning and operating their cars in public service business and carrying freight in them, and that it is not broad enough to warrant a construction which will include their tank cars when used as shown by this record.

The constitutional authority to provide by law for such assessment of these taxes has been already briefly stated, and includes the property, by whomsoever owned, operated, or conducted, engaged in the business of transporting passengers and freight, and running and operating cars in any manner upon railroads. This was intended to include all cars of every person or corporation running or operating in any manner upon railroads in this State, upon which taxes were not already assessed.

The provisions of the statute are practically the same as those of the Constitution, limiting the assessment of such taxes to property having a situs in the State, as defined. There can be no question but that this statutory provision includes the property in question belonging to the appellants, provided it may be said to be included within its terms as

"property by whomsoever owned, operated or conducted * * * of railroad companies * * * and all other companies [defined as including persons] owning, leasing, running or operating * * * any other cars * * * over or upon the line or lines of any railroad or railroads in this State."

The record shows that the tank cars of appellants

by their directions alone, loaded with their products, are brought by the carriers into the State of Michigan, where they are unloaded, and then returned to Pennsylvania, for which use appellants are paid three-quarters of a cent per mile by the carriers; that these cars are operated over and upon certain railroad lines in this State for the sole use and benefit of the appellants.

Can the contention of appellants be sustained that, because this use to which they put their property in this State, and which is strictly railway business, is accomplished by means of power furnished by the transportation companies these tank cars are not within the scope of the statute? Can it be said that appellants' cars are not operated or conducted by appellants over and upon lines of railroad in this State? We are of the opinion that these questions must be answered against the contention of appellants, and that their property is clearly within the provisions of this statute and subject to taxation under it.

Appellants, by the use of their cars for the transportation of their products, receiving therefor an allowance or rental from the carriers, must be held to be engaged in the business of operating cars upon the railroads within this State.

In our opinion, there is no distinction in principle between the facts admitted by appellants in this case and in the Federal cases cited *supra*, viz.: *American, etc., Transit Co.* v. *Hall*, 174 U. S. 70, 19 Sup. Ct. 599; *Union, etc., Transit Co.* v. *Lynch*, 177 U. S. 149, 20 Sup. Ct. 631.

The decree of the circuit court is therefore affirmed, with costs.

BROOKE, C. J., and STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred. KUHN and BIRD, JJ., did not sit.