---

(No. 11997.—Action of board disapproved.)
THE KEITH RAILWAY EQUIPMENT COMPANY, Appellant, *vs.* THE BOARD OF REVIEW OF COOK COUNTY, Appellee.

*Opinion filed April 17, 1918.*

1. TAXES—*State cannot tax property which has no situs therein.* The power of a State to impose a tax does not extend to property which has no situs, either actual or constructive, within such State.

2. SAME—*railway cars used in other States cannot all be taxed in State of owner's domicile.* Railway cars leased by the owner to transportation companies and employed and used in other States cannot all be taxed in the State of the owner's domicile, but each State in which the cars are used but not permanently located may levy a tax based on the average number of the cars in the State during the taxing period.

APPEAL to review decision of Board of Review of Cook county.

FRANK CROZIER, for appellant.

EDWARD J. BRUNDAGE, Attorney General, and CLARENCE N. BOORD, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal, under paragraph 329 of chapter 120 of Hurd's Statutes, from a decision and action of appellee, the Cook county board of review, holding certain tank cars of appellant subject to taxation.

The facts as certified by the clerk of the board of review to the State Auditor and by him to this court, and not disputed, are as follows: Appellant, the Keith Railway

Equipment Company, is an Illinois corporation authorized to engage in, and is engaged in, the owning and leasing of tank cars. Its principal office and place of business is in Chicago. On April 1, 1917, appellant owned 449 tank cars, had $947.47 in money, and office furniture of a fair cash value of $500. On April 25, 1917, it filed a personal property schedule with the board of assessors of Cook county, listing its money on hand and office furniture but not its tank cars. Pursuant to notice appellant appeared before the appellee board to show cause why said tank cars should not be assessed. It appeared on the hearing and is agreed that all the 449 cars were manufactured for the Keith Car Company, appellant's predecessor, in Pennsylvania, and when completed were leased and delivered to shippers for periods of time, usually a term of years, and that upon the expiration of such leases the same were either renewed or the cars leased to other parties; that appellant since succeeding to the rights and property of the Keith Car Company in January, 1917, has continued the business in the same way; that all its cars were under lease April 1, 1917, and had been since being put in service, and that during such service appellant has no control over its cars or their movements, the same being under the control of the lessees; that when general repairs are necessary on the cars they are taken to the factory in Pennsylvania for such purpose, and that no car of appellant has ever been in this State for any purpose except on the orders of lessees to make delivery of or to originate inter-State commerce.

The appellant company owns a tract of land in Indiana where it is erecting and equipping buildings for the manufacture of tank cars and where it maintains tracks for the storage of idle cars, such place, in railroad parlance, being termed the "home" of appellant's cars. In 1914 the car company, the appellant's predecessor, having submitted the question to the board of assessors of Cook county, was told, and the board held, the cars were not taxable by it but only

by the State Board of Equalization. Thereupon, and in each succeeding year, a report was made to the State Board of Equalization showing the total number of miles traveled throughout the United States during the preceding year by all the cars and the number of miles traveled in Illinois during the same period. From such figures the percentage the number of miles in this State bore to the total number of miles was ascertained and the same percentage of the number of cars was taken as representing the average number of cars in this State and a value fixed thereon, and the State Board of Equalization assessed such valuation against the capital stock. During the year 1916, and for the year 1917 up to the time of the proceedings before the board of review, 4.83 per cent of the total mileage of all the cars was made in Illinois each of such years, thus making the average number of cars in Illinois for each of such years 22. By the laws of many States the cars of appellant are taxable to the extent they are operated in such States, the average number of cars in such States being ascertained as hereinbefore set forth. The board of review held all of appellant's cars taxable in Cook county for the full value thereof, on the theory that for the purpose of taxation the situs of personal property is at the domicile of the owner, but in fixing the full cash value of said 449 cars, which it fixed at $100,000, a sum greatly in excess of the fair cash value of 22 cars, the board took into consideration the fact that some of the cars are taxable in other States, and held that to the extent taxes are paid by appellant in other States the Cook county assessment should be reduced. The taxes paid in other States than Illinois by the Keith Car Company for 1916 were approximately $1000, and it was agreed and reported that the taxes paid or to be paid by appellant in other States for 1917 would be an indefinite amount greater than $1000, because some States have assessed the cars for 1917 which did not assess them in 1916 and because other States had increased the 1917 assessment over that for

1916. Appellant contended that all of its tank cars are exempt in this State except to the extent of the average number within the State, being 22 cars, and claims that the taxation of the cars by this State beyond the value of 22 cars would be to deprive it of its property without due process of law, contrary to the constitution of the United States and amendments thereto, particularly the fourteenth amendment.

The facts before set out as reported by the State Auditor are not disputed. Appellant, like its predecessor, the Keith Car Company, is engaged in the owning and leasing of tank cars for hire. It insists the situs of tangible property is actual and not constructive; that it is actually located at some place which may or may not be the owner's domicile; that its 449 cars in question, as a whole, have never had an actual situs in Illinois; that the only situs any of its cars have in Illinois has been acquired by actual use in this State, and that since no particular car is in this State more than a small part of the year but some one or more of the cars are here most of the time, the average number in the State all the time is the number which have a taxable situs in this State.

The power of a State to impose a tax does not extend to property which has no situs, either actual or constructive, within such State, (*Dutton* v. *Board of Review*, 188 Ill. 386,) and property outside the jurisdiction of a State cannot be taxed within the due process of law clause of the fourteenth amendment to the Federal constitution. (*Gromer* v. *Standard Dredging Co.* 224 U. S. 362.) The question here, therefore, is whether the domicile of the corporation determines the situs of appellant's cars for the purpose of taxation under the agreed facts in this case. We think the exact question, under similar facts, has been decided by the Supreme Court of the United States. In *American Refrigerator Transit Co.* v. *Hall,* 174 U. S. 70, it was held that certain railway cars of the company (an Illinois cor-

poration) were taxable in Colorado, where such cars were used and employed, although the cars of the company in such State were not continually the same but were constantly changing according to the exigencies of the business, and that the tax might be fixed by an appraisement and valuation of the average amount of the property thus habitually used and employed, and the fact that such cars were employed as vehicles in the transportation of inter-State commerce did not invalidate the taxation. Involving the same question and to the same effect is *Union Refrigerator Transit Co.* v. *Lynch,* 177 U. S. 149, where it was held the cars of the company, a Kentucky corporation engaged in furnishing refrigerator cars to shippers for the transportation of perishable freight and which were employed in the State of Utah for that purpose, were subject to taxation by that State. These cases clearly hold that a State wherein cars such as those of appellant are used has the right to tax the same though such State be not the domicile of the corporation owning such cars, and also fix the basis of taxation as the average amount of the corporate property involved, habitually used and employed within such taxing State.

In *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, the question directly presented was "whether a corporation organized under the laws of Kentucky is subject to taxation upon its tangible personal property permanently located in other States and employed there in the prosecution of its business." In that case the transit company (a Kentucky corporation) owned cars which it rented to shippers, who used the same for the carriage of freight in the United States, Canada and Mexico. The State of Kentucky sought to tax all the cars of the transit company, while the company insisted the State should only tax the cars used within said State for the fiscal year, and that the correct method for ascertaining the number of cars which should be taxed in Kentucky was to ascertain the proportion of its cars used in the State, based upon the proportion

the mileage of the transit company's cars in the State of Kentucky bore to the total mileage during the fiscal year. The opinion, after treating generally the subject of taxation and stating the same was exercised upon the assumption of an equivalent rendered by the taxing authority in the protection of the property and person of the tax-payer, said: "The argument against the taxability of land within the jurisdiction of another State applies with equal cogency to tangible personal property beyond the jurisdiction. * * * The arguments in favor of the taxability of intangible property at the domicile of the owner have no application to tangible property. The fact that such property is visible, easily found and difficult to conceal and the tax readily collectible, is so cogent an argument for its taxation at its situs that of late there is a general consensus of opinion that it is taxable in the State where it is permanently located and employed and where it receives its entire protection, irrespective of the domicile of the owner." The court said further: "The adoption of a general rule that tangible personal property in other States may be taxed at the domicile of the owner involves possibilities of an extremely serious character. Not only would it authorize the taxation of furniture and other property kept at country houses in other States or even in foreign countries, of stocks of goods and merchandise kept at branch establishments when already taxed at the State of their situs, but of that enormous mass of personal property belonging to railways and other corporations which might be taxed in the State where they are incorporated though their charters contemplated the construction and operation of roads wholly outside the State and sometimes across the continent, and when in no other particular they are subject to its laws and entitled to its protection." The opinion held the cars of the transit company, so far as they were located and employed in other States than Kentucky, were not subject to the taxing power of Kentucky.

We think the foregoing opinions clearly show that Illinois has not the power to tax the 449 cars of appellant. The first two cases clearly held States other than the domicile of the corporation may tax cars of a corporation maintained and operated in such States. The last mentioned case holds that cars of a corporation cannot be taxed in the State of the owner's domicile when the cars are employed and used in other States. These opinions establish the rights of the several States with respect to the taxation of property such as is here involved. In all these cases the property involved was railway cars. Each State may only tax the cars in such State, and if the cars are not permanently situated in any one State the tax is not on individual cars but can only be levied on the average number in the State during the taxing period.

We do not think the effect of the opinion in *Union Refrigerator Transit Co.* v. *Kentucky, supra,* is modified by the opinion in *Southern Pacific Co.* v. *Kentucky, 222* U. S. 63. In the last mentioned case it was held that steamships owned by the Southern Pacific Company, a Kentucky corporation, and operated between New York City and other ports, were taxable in Kentucky. This conclusion was based upon the fact that the property not having an actual situs in any State, its situs must be considered as that of the domicile of the owner. That case is clearly to be distinguished, on the facts, from *Union Refrigerator Transit Co.* v. *Kentucky, supra,* and from the facts in the present case.

For the reasons stated the action of the board of review is disapproved and appellant's assessment, except on the 22 cars found to be the average number in this State during the year 1917, is held void.    *Action disapproved.*