UNION TANK CAR CO. v. McKNIGHT,
County Collector.
No. 5562.

Circuit Court of Appeals, Seventh Circuit.
March 13, 1936.

Arthur E. Bristol, of Chicago, Ill., for appellant.

J. Stanley Bradbury, State's Atty., of Robinson, Ill. (H. Ernest Hutton, of Danville, Ill., of counsel), for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

The facts as gathered from the stipulation are:

Appellant is a foreign tank car company (not a transportation company) owning approximately 39,000 cars which it leases to shippers of liquid products. It maintains repair shops at convenient points throughout the country. Among its lessees is the Lincoln Oil Refining Corporation, which has a refinery located in Crawford County, Illinois, the taxing jurisdiction in question. The refining company uses the leased cars for transporting petroleum products from its refinery in said county to points in Illinois and surrounding states. The lease does not cover specific cars but provides for furnishing the kind and number of cars which the refinery requires. The refinery periodically gives notice of its requirements and appellant supplies the cars from its most available source. A particular car may be used by the refinery for one or for several trips. The cars are under the control of the refinery only from the time of loading (by the refinery) until unloaded by the consignee or the refinery. The tank car company does not itself operate any of the tank cars. None of the cars are permanently assigned to the refinery nor permanently located in the county. Appellant maintains "small repair facilities on property (on which a tax was paid) leased from the refinery where it keeps certain personal property, more particularly a little furniture and a small amount of tools and material for the purpose of making light repairs to its own cars." The repairs there made are "light or running" repairs. They are of a minor nature which can be and are made only at the loading track.

It is the practice to accumulate a number of tank cars in the vicinity because the refinery frequently needs cars on short notice. There are at all times some of appellant's cars in the county. There were 397 cars in the county on April 1, 1933, and

400 is a fair daily average of the number of cars in the county. The fair cash value of the cars for the purpose of assessment was fixed at $335 each.

The tank car company assails the tax on the ground that the cars have no such actual or constructive situs within the county as to render them taxable under the Illinois personal property tax law. Also, if the court should find them taxable, then at most only the number actually in the county on April 1 are subject to taxation. The appellant also invokes the rule of construction which obtains where a taxing statute is of doubtful intent. It should then be construed favorably to the taxpayer. McFeely v. Commissioner, 296 U.S. 102, 111, 56 S.Ct. 54, 80 L.Ed. 83. Finally it argues that the Illinois general personal property tax statute does not cover tank cars used in interstate and intrastate commerce such as appellant's cars are used.

Appellee contends that under the United States Supreme Court decision in Johnson Oil Refining Co. v. Oklahoma, 290 U. S. 158, 54 S.Ct. 152, 78 L.Ed. 238, the average number of cars in the state is the basis of taxation under a general tax statute; that the Illinois Supreme Court has approved that method in the case of Keith Ry. Equipment Co. v. Board of Review, 283 Ill. 244, 119 N.E. 302; and that the rule of taxation of intangibles or of vessel property does not apply.

[2] We are satisfied that the District Court correctly determined the issue of taxability of appellant's tank cars. This conclusion is based upon the following: (1) The statutory terms describing the taxable property are most comprehensive* and therefore are capable of encompassing rolling stock belonging to a foreign corporation, habitually found in the state. (2) The decision of the Illinois Supreme Court in the Keith Case, supra,** is a definite interpretation of this statute and determines

* Chapter 120, § 286, Smith-Hurd Ill. Ann.Stats. "All property in this state shall be subject to assessment and taxation as provided by the general laws for the assessment of property and for the levy and collection of taxes except such property as may be exempt therefrom by such general laws. Such property shall be listed and valued in the manner and by the persons heretofore provided by law except as herein otherwise expressly provided."

Section 287. "All property subject to taxation shall be listed by the person at the place and in the manner required by law, and assessed at the place and in the manner required by law with reference to the ownership, amount, kind and value on the first day of April in the year for which the property is required to be listed including all property purchased on that day. The owner of property on the first day of April in any year shall be liable for the taxes of that year.

"The purchaser of property on the first day of April shall be considered as the owner on that day."

** Keith Ry. Equipment Co. v. Board of Review, 283 Ill. 244, 119 N.E. 302, 303. The court said:

"The power of a state to impose a tax does not extend to property which has no situs, either actual or constructive, within such state * * * and property outside the jurisdiction of a state cannot be taxed within the due process of law clause of the fourteenth amendment to the federal Constitution. * * *

The question here, therefore, is whether the domicile of the corporation determines the situs of appellant's cars for the purpose of taxation under the agreed facts in this case. We think the exact question, under similar facts, has been decided by the Supreme Court of the United States. [The court then discusses American Refrigerator Transit Co. v. Hall, 174 U.S. 70, 19 S.Ct. 599, 43 L. Ed. 899; Union Refrigerator Transit Co. v. Lynch, 177 U.S. 149, 20 S.Ct. 631, 44 L.Ed. 708; Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 26 S. Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493.] * * *

"We think the foregoing opinions clearly show that Illinois has not the power to tax the 449 cars of appellant. The first two cases clearly held states other than the domicile of the corporation may tax cars of a corporation maintained and operated in such states. The last-mentioned case holds that cars of a corporation cannot be taxed in the state of the owner's domicile when the cars are employed and used in other states. These opinions establish the rights of the several states with respect to the taxation of property such as is here involved. In all these cases the property involved was railway cars. Each state may only tax the cars in such state, and if the cars are not permanently situated in any one state, the tax is not on individual cars, but can only be levied on the average number in the state during the taxing period. * * *

"For the reasons stated, the action of

for us that rolling stock is taxable on the basis of daily average of cars within the state. (3) The Supreme Court*** has repeatedly expressed itself on the validity of taxes imposed on that basis. (4) The rule of daily average number of cars in the

---

the board of review is disapproved, and appellant's assessment, except on the 22 cars found to be the average number in this state during the year 1917, is held void."

*** In the recent case of Johnson Oil Co. v. Oklahoma, 290 U.S. 158, 161, 54 S.Ct. 152, 153, 78 L.Ed. 238, the Supreme Court reviews cases on the taxation of rolling stock and says:

"Although rolling stock, such as these cars, is employed in interstate commerce, that fact does not make it immune from a nondiscriminatory property tax in a state which can be deemed to have jurisdiction. Marye v. Baltimore & Ohio R. Co., 127 U.S. 117, 123, 8 S.Ct. 1037, 32 L.Ed. 94; Pullman's Car Co. v. Pennsylvania, 141 U.S. 18, 23, 11 S.Ct. 876, 35 L.Ed. 613; American Refrigerator Transit Co. v. Hall, 174 U.S. 70, 82, 19 S.Ct. 599, 604, 43 L.Ed. 899; Union Refrigerator Transit Co. v. Lynch, 177 U.S. 149, 152, 20 S.Ct. 631, 44 L. Ed. 708; Union Tank Line v. Wright, 249 U.S. 275, 282, 39 S.Ct. 276, 63 L. Ed. 602. Appellant had its domicile in Illinois and that state had jurisdiction to tax appellant's personal property which had not acquired an actual situs elsewhere. 'The state of origin remains the permanent situs of the property, notwithstanding its occasional excursions to foreign parts.' See New York ex rel. New York Central & H. R. R. Co. v. Miller, 202 U.S. 584, 597, 26 S.Ct. 714, 717, 50 L.Ed. 1155; Southern Pacific Co. v. Kentucky, 222 U.S. 63, 69, 32 S.Ct. 13, 56 L.Ed. 96. But the state of the domicile has no jurisdiction to tax personal property where its actual situs is in another state. Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 209, 211, 26 S.Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493; Western Union Tel. Co. v. Kansas, 216 U.S. 1, 38, 30 S.Ct. 190, 54 L.Ed. 355; Frick v. Pennsylvania, 268 U.S. 473, 489, 45 S.Ct. 603, 69 L.Ed. 1058, 42 A.L.R. 316. While, in this instance, it cannot be doubted that the cars in question had acquired an actual situs outside the state of Illinois, the mere fact that appellant had its refinery in Oklahoma would not necessarily fix the situs of the entire fleet of cars in that state. The jurisdiction of Oklahoma to tax property of this description must be determined on a basis which is consistent with the like jurisdiction of other states. *The basis of the jurisdiction is the habitual employment of the property within the state.* By virtue of that employment the property should bear its

fair share of the burdens of taxation to which other property within the state is subject. When a fleet of cars is habitually employed in several states—the individual cars constantly running in and out of each state—it cannot be said that any one of the states is entitled to tax the entire number of cars regardless of their use in the other states. When individual items of rolling stock are not continuously the same but are constantly changing, as the nature of their use requires, this Court has held that a state may fix the tax by reference to the average number of cars found to be habitually within its limits. Marye v. Baltimore & Ohio R. Co., supra. This principle has had frequent illustration. It was thus stated in American Refrigerator Transit Co. v. Hall, supra [174 U.S. 70, page 82, 19 S.Ct. 599, 43 L.Ed. 899]: 'It having been settled, as we have seen, that where a corporation of one state brings into another, to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property thus used and employed its fair share of the burdens of taxation imposed upon similar property used in like way by its own citizens, we think that such a tax may be properly assessed and collected, in cases like the present, where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business, and that the tax may be fixed by an appraisement and valuation of the average amount of the property thus habitually used and employed.' See, also, Union Refrigerator Transit Co. v. Lynch, supra; Union Refrigerator Transit Co. v. Kentucky, supra; Germania Refining Co. v. Auditor General, 184 Mich. 618, 151 N.W. 605, affirmed [Germania Refining Co. v. Fuller], 245 U. S. 632, 38 S.Ct. 63, 62 L.Ed. 521; Union Tank Line v. Wright, supra.

"Applying these principles, no ground appears for the taxation of all the cars of the appellant in Oklahoma. It is true that the cars went out from and returned to Oklahoma, being loaded and reloaded at the refinery, but they also entered and were employed in other states where the oil was delivered. Oklahoma was entitled to tax its proper share of the property employed in the course of business which these records disclose, and this amount could be determined by taking the number of cars which on the average were found to be physically present within the state."

county *is* the means of determining the number of cars which do have a *taxable situs* within the state. (5) There were concededly the number of cars in the jurisdiction on April 1, which were taxed. An equal or greater number of cars could be found in the county, on an average, during any day of the year. Those cars derived governmental protection during their stay in the county. Sometimes they were used in intrastate commerce. They awaited use by the lessee refinery in the county. They were given minor repairs, if necessary, in a small shop of appellant's in the county. The lessee refinery has a contract with appellant whereby the latter agrees to furnish the former all the cars it should need. There is strong basis for the propriety of applying the average daily number rule in this case because of the regularity and constancy of the relation whereby these cars were in the county at the disposal of the lessee.

The perplexities arising out of the peculiar character of such property as tank cars, which seldom have a permanent situs in *any* one taxable jurisdiction, and the injustice of *each* jurisdiction's taxing each car were the motivating causes for the pronouncement of the rule and its acceptance in many jurisdictions. Through the uniform application of such a rule there can be no escape from just taxation and yet no possibility of imposition of unjust tax burdens.

The bill of complaint charged and the court found that the tax was imposed upon 397 cars found to be present in the county on April 1, 1933. This number is three less than the conceded fair average number (which was 400) of cars in the county each day in the year. Appellant was, of course, not prejudiced because assessed on three cars less than the number it should have been assessed.

Appellant's assault is especially directed to the fact that the Illinois statute taxing personal property is a general one and fixes April 1 as the day when situs of personal property must be determined. It is true the Illinois statute is a general taxing act and concededly does not cover specifically the taxation of tank cars of a foreign corporation. We are, nevertheless, of the opinion that this general tax act was properly construed to cover the average number of cars in the county throughout the year. This conclusion is necessarily based upon the fact that the average number of cars found to be present in the county is *thereby determined* to have such a situs on any one day, including April 1, as to render them subject to taxation. There might not actually be 400 cars located in the county on April 1; but the average number of cars having a taxable situs in Crawford County, Illinois, constructive in nature but based upon the actuality of average conditions, is 400 cars.

This method of determining the amount of taxable property has been approved by the Supreme Court and its practicability and fairness are self-evident. In Johnson Oil Co. v. Oklahoma, 290 U.S. 158, 161, 54 S.Ct. 152, 78 L.Ed. 238, the court was passing on a similar general tax law of Oklahoma, and it sustained the theory of an assessment based upon the average number of cars in Oklahoma.

The Supreme Court of Illinois in Keith Ry. Equipment Co. v. Board of Review, 283 Ill. 244, 119 N.E. 302, held taxable, under the statute here under consideration, the average number of cars of a domestic corporation found to be in Illinois and cited with approval the United States Supreme Court cases on this subject. This construction of the Illinois statute by the Illinois Supreme Court is most persuasive, if not controlling.

In the recent case of Pottawatomic County v. Armour & Co., 170 Okl. 534, 40 P.(2d) 1096, the Supreme Court of Oklahoma applied a general tax law and sustained an ad valorem tax on refrigerator cars owned by a foreign corporation, but temporarily within the state.

Impliedly, at least, these cases hold that the taxable situs of cars is settled by determining the average number of cars in the taxing jurisdiction throughout the year although many or few cars may be actually in the county on said date.

The decree is affirmed.