THE TOWN OF AUBURNDALE, *Appellant*, v. ELMER E. CLINE *et al.*, *Appellees*.

Opinion Filed July 13, 1921.

1. The authority of a city or town to assess real estate and place its own valuation on such property for taxable purposes is derived from the provisions of Section 5 of Article IX of the Constitution of 1885.

2. The word "assessment" as used in the Constitution of the State in Section 5 of Article IX has the double significance of listing and valuing property for the purpose of apportioning a tax upon it according to valuation as well as determining the amount of money to be raised by exercise of the taxing power.

3. In a suit in equity to enforce a tax lien in behalf of a city or town, an answer averring that the city's authority for placing its own valuation upon real property for taxable purposes exists under a certain Act of the Legislature and that such Act is invalid because passed at an extraordinary

session of the Legislature and the consideration of such a measure was not included in the proclamation of the Governor calling such extraordinary session nor was the attention of the Legislature called to such measure as business to be considered, constitutes no defense and should be stricken upon motion.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

Order reversed.

*R. B. Huffaker,* for Appellant;

No appearance for Appellees.

ELLIS, J.—This is a suit in equity to enforce a tax lien alleged to exist against the real property of Elmer E. Cline and E. O. Carver and Florida and Geargia Land Company, a corporation, respectively. The property of Cline consisted of ten lots in Block E, all of Block T-2; four lots in Block A-2; South half of North half of Southwest quarter of Northeast quarter of Section 9, Township 28 South, Range 25 East, and South half of North half of Northwest quarter of Northeast quarter of same section, township and range, all in Auburndale. It is alleged that the taxes were assessed for the year 1918 and amounted to the sum of $101.50, which the defendant Cline has refused to pay.

It is alleged that the assessment was made by the Town of Auburndale under authority of acts of the Legislature of 1911, 1913, 1915, 1918 and 1919, Chapters 6324, 6661, 7132, 7771 and 8233. Cline answered the bill denying that the Town of Auburndale proceeded in all respects with strict compliance with the said several acts of the Legis-

lature.    In paragraph three of the answer the following averments were made:

"But this defendant denies that the said complainant had power and authority, by and through its said tax assessor, to levy said tax based upon said valuations against the property of this defendant, but, on the other hand this defendant charges that the complainant under and by virtue of the authority vested in it, under the laws of the State of Florida, had authority only to assess the property owned by this defendant and located within the Town of Auburndale, at a valuation not exceeding the last valuation thereof by the State of Florida for taxation; neither to levy upon said property the taxes for the year 1918 in an amount exceeding one per cent from such State valuation, and this defendant says that the State and county valuations upon the said property for the year 1918, is as follows:

"Lots 3, 4, 5, 6, 7, 15, 16, 17, 18 and 19, in Block 'E' Auburndale, is $500.00.   All of Block T-2 of Auburndale valued at $130.00.   Lots 2, 3, 5 and 6, in Block A-2, Auburndale, valued at $380.00.    The South half of North half of Southwest quarter of Northeast quarter, and South half of North half of Northwest quarter of Northeast quarter of Section 9, Township 28 South, Range 25 East, valued at $850.00, making a total valuation of said property, by the State and County Tax Assessor, for the year 1918, of Eighteen Hundred and Sixty Dollars, as shown by the tax assessment roll for the year 1918; and as will appear the amount of taxes that would be due thereon, upon a ten mill levy, would be Eighteen and 60/100 Dollars, which said taxes this defendant stands ready and willing and now offers to pay to the complainant."

The answer also contained a demurrer to the bill upon the general ground of a lack of equity and that ''Chapter 7771, Acts of the Legislature 1919'' was unconstitutional and void because the act was passed at an extraordinary session of the Legislature and the proclamation of the Governor convening the Legislature in extraordinary session did not include the consideration of the measure passed, nor was it called to the attention of the Legislature as business to be considered, nor did that body consent to its passage by a two-thirds vote of each house as required by Section 8 of Article IV· of the Constitution.   Chapter 7771, Acts of 1918, passed at the extraordinary session of the Legislature of that year, and not in the year 1919, was entitled ''An Act to amend Chapter 7132 of the Laws of Florida, Acts of 1915, Entitled 'An Act to Incorporate the Town of Auburndale in Polk County, Florida, and to Provide for its Government and Describe its Jurisdiction and Powers' and to validate the levies and assessments of taxes heretofore made by the. officers of said town.''   The act is as follows:

''Section 1.   That Section ·44 of the Act· described in the title hereof, being Chapter 7132, Acts of 1915, be and is hereby amended to read as follows:

''Section 44.   *Taxation*.   The Town Council shall have power to make its own assessment on property for taxes without regard to the State and County Assessment, and place its own valuation on the property situated in said Town, both real and personal, but the taxation shall not exceed its actual cash value, and the Town Council shall by ordinance prescribe the mode and manner in which the. Tax Assessor shall assess the taxes. '

''Sec. 2.   That all levies and assessments of taxes upon property within the corporate limits of the Town of Au-

burndale heretofore made by the Tax Collector and Town Council of said town are hereby legalized and validated and declared to constitute valid liens upon said property superior to all other liens except the lien for State and County taxes provided the valuation placed upon said property at the time of the levies and assessments aforesaid did not exceed the true or cash value of said property.

"Sec. 3. This Act shall take effect immediately upon its passage and upon becoming a law.

"Approved Dec. 7, 1918."

The Town of Auburndale moved to strike from the answer paragraph five and so much of paragraph 3 as is quoted above. Paragraph five of the answer attacked the validity of Chapter 7771, upon the grounds mentioned above as one of the grounds of the demurrer. The answer specifically averring that the Governor did not include in his proclamation the subject of the act as one of the purposes for convening the Legislature in extraordinary session, nor did he, while the Legislature was in session, call the same to their atention, nor did the Legislature pass the same by a two-thirds vote of each house.

The motion to strike these portions of the answer was denied and the town took an appeal.

There was error in the order of the Court refusing to strike the portion of the answer to which objection was made. The authority of the Town of Auburndale to assess real estate and place its own valuation on such property for taxable purposes, in excess of the valuation thereof by the State for taxable purposes is not derived from Chapter 7771 Acts of 1918, but from Section 5 of Article IX of the Constitution which provides that "cities and towns shall

make their own assessments for municipal purposes upon the property within their limits.'' The word ''assessments'' as used in this clause of the constitution is not limited in meaning to the apportioning of the tax to be levied to the taxable property, but has the double significance of listing and valuing the property for the purpose of apportioning a tax upon it according to valuation, as well as determining the amount of money to be raised by exercise of the taxing power.

''Assessment in a general sense denotes the process of ascertaining and adjusting the shares respectively to be contributed by the several persons toward a common beneficial object according to the benefit received. Assessment in taxation; the listing and valuation of property for the purpose of apportioning a tax upon it, either according to value alone or in proportion to benefit received, also determining the share of a tax to be paid by each of many persons, or apportioning the entire tax to be levied among the different taxable persons, establishing the proportion due from each.'' See 1 Words and Phrases 302 ''Assessment;'' Western Union Tel. Co. v. Howe, 180 Fed. Rep. 44, 103 C. C. A. 398; People of N. Y. ex rel. v. Weaver, 100 U. S. 539, 25 L. Ed. 705; Klickitat Warehouse Co. v. Klickitat County, 42 Wash. 299, 84 Pac. Rep. 860; Sullivan v. Bittler, 51 Tex. Civ. App. 604, 113 S. W. Rep. 193; Whedon v. Lancaster County, 76 Neb. 761, 107 N. W. Rep. 1092; Town of Washburn v. Washburn Waterworks Co., 120 Wis. 575, 98 N. W. Rep. 539; State v. Clement Nat. Bank, 84 Vt. 167, 78 Atl. Rep. 944.

The word ''assessments'' as used in the clause of the constitution to which reference is made means the official listing of property for the purpose of constituting a basis upon which taxes for municipal purposes are to be levied.

The power to make such assessments contemplates such method as will secure a just valuation of property assessed, to the end that the taxes imposed shall be distributed on just principles applicable alike to all for whose benefit they are laid.

That under this construction of the language of the con-stitution the State may through its agency for State and county purposes place one valuation upon property and through its agency for municipal purposes place another valuation on the same property is no reason for holding that the construction is wrong and that cities and towns were not given the power because what is desired to be accomplished is a uniform and equal rate of taxation which is not rendered impossible when for State and county pur-poses the valuation of a property is one thing and for municipal purposes another, provided that in both cases a just valuation is made securing an equal and uniform apportionment of taxes for the different purposes.

The constitutionality of Chapter 7771, Acts of 1918, is therefore immaterial. The Acts providing that the Town of Auburndale shall place the same valuation upon prop-erty for municipal purposes as placed thereon by the county for State and county purposes are not binding upon the town in view of the constitutional provision quoted from Section 5 of Article IX.

We therefore think the court erred in refusing to strike the portions of the answer to which objection was made. So the order is reversed.

TAYLOR, WHITFIELD AND WEST, J. J., concur.