The several complainants, railroad companies, jointly prosecute this suit against the defendant, who is Comptroller of the State. The relief prayed is an order enjoining the defendant, as Comptroller, from taking any action to enforce collection from the complainants, of amounts claimed by the State to be due by them, as taxes on personal property for the year 1927, it being alleged that the said several charges, except as computed on an assessment based on twenty per cent of the actual value of complainants' personal property, which are admitted to be lawful and are tendered to the defendant and deposited in the registry of the court, are unlawful exactions, payment of which by complainants should not be demanded and enforced.
The defendant demurred to the bill. There was filed a stipulation waiving any question of multifariousness or improper joinder of parties. Upon a hearing there was an order overruling the demurrer, and granting a temporary injunction in accordance with the prayer of the bill. The injunction was upon conditions, however, that each complainant pay into the registry of the court an amount *Page 352 
equivalent to the taxes due upon an assessment based on 26.80 per cent of the actual value of the personal property of the complainants, as shown by the bill, including amounts previously deposited, and file with the clerk of the court, within ten days, signed assent to a distribution by defendant "in accordance with such further decree as shall be made herein" of the original amounts "tendered into court" when the bill was filed; failing in which, the injunctive order would become inoperative.
The complainants appealed. Defendant filed a cross appeal. The conditions of the order are assigned as error by complainants. Overruling the demurrer to the bill and granting the injunction are assigned as error by defendant.
In logical sequence, the assignment on the cross appeal should be considered first, since, if it is found the demurrer to complainants' bill should have been sustained, or if the restraining order should have been refused, complainants' assignments will have no basis.
The bill contains in substance the following allegations. Complainants are corporations, some of them foreign, others domestic, but all are common carriers operating in this State. Defendant is Comptroller of the State. All of the complainants, on or before the first Monday in March, 1927, severally made and filed with the defendant returns, under oath, as of January 1, 1927, upon forms furnished by defendant, containing a correct and complete statement of their personal property "and the full cash value thereof." The total actual value" of the property of each complainant shown by the returns is stated. The returns were accepted by the defendant, so the bill alleges, and by the Railway Assessing Board. Upon the returns, the defendant, the *Page 353 
Attorney General, and the State Treasurer assessed for taxation the personal property of complainants and fixed the value of such property for the purposes of taxation. The amount of the assessment for each complainant is stated. The assessment was made on a basis of fifty per cent of the "actual value" of the property, as shown by the returns made by complainants and accepted by the board. After this assessment was made complainants represented to the assessing board that personal property of other owners was assessed for taxation on a basis of not exceeding twenty-five per cent, and petitioned the board to reconsider and revise the assessments of complainants, but the request was refused. The defendant apportioned the value of the property as assessed and notified the County Tax Assessors, who placed the amounts on the tax rolls of the respective counties, the amount of the assessment for each complainant in each county being stated.
The bill then alleges "That it is now, was during the year 1927, and has been for many years past, the settled uniform and fixed custom, policy and practice of the taxing authorities throughout the State of Florida, and the several counties thereof, to assess, and the assessing and taxing authorities of the State systematically, habitually, intentionally, and designedly assess, * * * when such property is assessed or appears on said rolls at all, * * * the taxable personal property of individuals and corporations, other than those whose property is assessed and the value thereof for the purpose of taxation fixed by the Railway Assessing Board, at a very low valuation, and not exceeding twenty per cent of the actual value thereof and that such action on the part of such taxing authorities is not the result of inadvertence, oversight, honest mistake or judgment, or absence of knowledge either as to the existence of such personal property or the value thereof, all *Page 354 
of which is and has been for several years past, known to said Railway Assessing Board. That there is now, was during the year 1927, and has been for many years past, to the knowledge of said Railway Assessing Board, a thoroughly recognized, well understood and intentionally operated system and practice prevailing among the taxing authorities of the State of Florida, to treat taxable personal property, other than property the value of which is fixed for the purpose of taxation by the Railway Assessing Board, as of negligible value for taxation purposes, and no attempt was or is made to assess the same at its actual value, or to assess same at all upon the tax rolls of the respective counties, unless the same was returned for assessment by the owner thereof. That the ratio generally existing in the State of Florida, during the year 1927, between the actual value of personal property and the assessed value, even when assessed at all, is not exceeding twenty per cent of such actual fair or full cash value; that less than fifteen per cent of the taxable personal property in the State of Florida, exclusive of that owned by parties required to make return to the defendant, is assessed upon the tax rolls of the respective counties, the remaining eighty-five per cent being omitted from such tax rolls entirely, and of such fifteen per cent so assessed, the value at which assessed does not exceed twenty per cent of the actual value thereof, all of which was known to said board." In this paragraph it is alleged that large quantities of personal property of other owners are omitted from the 1927 tax rolls and not assessed for taxation.
It is further alleged "That the percentage of value adopted by the Railway Assessing Board, viz., fifty per cent of the actual fair value thereof, and applied to the personal property of the complainants for the purpose of fixing the assessment thereof for taxation, is, as is and was *Page 355 
then well known to said Railway Assessing Board, far in excess of the percentage of value adopted by, and applied to personal property by any other taxing authorities throughout the State. That uniformity does not exist as between the percentage of values of personal property for assessment and taxation purposes fixed by the said board, and those as fixed by the other taxing authorities throughout the State, said Railway Assessing Board being an essential part of, and one of the units comprising, the taxing system of the State of Florida. That personal property, other than that the value of which for assessment purposes is fixed by said board, is, as is and was then well known to said board, uniformly assessed by the taxing authorities throughout the State of Florida at around and not to exceed twenty per cent as distinguished from the arbitrary fifty per cent valuation announced, fixed and carried out by said Railway Assessing Board; that the basis of valuation, mode of assessment and rate of taxation, are not uniform, equal or alike as applied to, and as between personal property of the complainants and personal property owned by other parties throughout the State of Florida; that the action of such board in assessing property of complainants at a higher rate and percentage of value than used by the other taxing authorities throughout the State, discriminates against the complainants and their property, unjustly and disproportionately burdens the property of complainants, defeats the principles of equality and uniformity in taxation, denies to complainants the equal protection of the laws and is a taking of complainants' property without due process of law."
It is also alleged that complainants have paid all taxes for the year 1927 upon all other property owned by them and subject to taxation in the State of Florida; that tender of amounts "representing the lawful taxes due computed *Page 356 
upon an assessment based upon twenty per cent of the actual value of complainants' personal property" is made, and the amount due by each complainant upon an assessment on that basis is paid into the registry of the court.
The rule is that a general demurrer to a pleading admits the truth of all such matters of fact as are sufficiently pleaded. Therefore, on demurrer it is admitted that the property of complainants is assessed on a basis of fifty per cent; that personal property of others is assessed on a basis of twenty to twenty-five per cent and that such lower valuation is systematic and intentional on the part of the assessing officers; that it is known to be so by the Railway Assessing Board; and that complainants have paid all other taxes due by them for the year 1927.
While it is uniformly held that mere errors of judgment by taxing officials in making assessments of property for taxation, will not constitute a proper basis or support for claims of unjust discrimination, yet, on the other hand it is equally well settled, in this and other jurisdictions, that intentional, systematic, under-valuation by taxing officials of other taxable property of the same class, which, in effect, amounts to an intentional violation of the essential principles of practical uniformity, contravenes the constitutional rights of one whose property is over valued. Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. R. 503; Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 67 Law Ed. 340; Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 62 Law Ed. 1154; City of Tampa v. Palmer, 89 Fla. 514; 105 So. R. 115.
Uniformity and equality of rate and just valuation are required. Unlawful discrimination is forbidden. Where illegal discrimination is practiced, it is immaterial whether it is effected by a single assessing board, or through the action of two independent boards or officials. Baker v. *Page 357 
Druesedow, 263 U.S. 137, 68 Law Ed. 212. The assessment is by the State. It is an exertion of sovereign power. That two or more administrative agencies may be employed, is merely incidental. Unlawful discrimination by one taxing official or board can not be justified or excused on the ground that it was not informed of the action of other taxing officials. But in this case the bill alleges and the demurrer admits that the defendant did know of the lower valuation of like property by local tax assessing officers.
It is also well settled that a tax payer, although assessed on a basis of not more than full value, may be unlawfully discriminated against by undervaluation of property of the same class of other tax payers. Southern Ry. Co. v. Watts,260 U.S. 519, 67 Law Ed. 375. And this may be true, although the discrimination is effected through the action of different taxing officials. Greene v. Louisville I. R. Co.,244 U.S. 499, 61 Law Ed. 1280.
But it is contended here that because the bill does not disclose the basis of the assessment of complainants' property, other than their personal property, it cannot be determined on this record that there is any discrimination against them,non constat other property of complainants may be under valued, and, if taking their property as a whole, there is no over valuation, then there is no discrimination against which equity will relieve, because there is no injury. The case of Baker v. Druesedow, supra, is cited to sustain this contention. In that case the Supreme Court of the United States followed a decision of the Texas Supreme Court, holding there was no discrimination, against which equitable relief would be granted, if, taking the tax on tangible and the tax on intangible property together, the tax payer is not called upon to pay on the average, on a higher percentage of the actual value than are other persons and property. *Page 358 
There two assessing agencies of the State, one a local and the other a State board, were considering contemporaneously the question of the assessment of the two classes of property of a railroad company. In the case here the bill alleges, and the demurrer admits, that the complainants have paid to the proper State authorities all other taxes due and payable by them for the year 1927. Therefore, the argument is not applicable. The good faith and validity of the actions of the assessing officers are presumed. The burden of proof is upon him who assails such action. Camp Phosphate Co. v. Allen,supra; City of Tampa v. Palmer, 89 Fla. 514, 105 So. R. 115; Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. R. 317. When it is admitted, as the demurrer to the bill admits, that complainants have paid all other taxes due by them for the year 1927, it must be presumed that the assessment of other property was upon a proper basis, else payment would not have been accepted by the officers whose duty it was to receive it on behalf of the State. The presumption is sufficient to overcome the rule construing a pleading most strongly against the pleader. It is a specific legal presumption against a general rule of construction of pleading. Furthermore, it can not consistently be admitted by demurrer to the bill that complainants have paid all other taxes due by them for the year 1927, and at the same time urged that their property may not have been assessed on a proper basis.
If the allegations of the bill are proved, complainants may be awarded some relief. So, in so far as the order overruled the demurrer, it was not error.
Injunction is a proper remedy in a case of this kind. The rule is, that where an intentional, unjust discrimination is shown in the assessment of taxes, the collection of the tax may be enjoined. Cooey v. Johnson, 95 Fla. 946, 117 *Page 359 
So. R. 111; Camp Phosphate Co. v. Allen, supra. And injunctive relief may be available as a remedy against such discrimination, even though the bill contains no allegation of "protest against valuation of property at the time the assessment complained of was under consideration," by complainants, as is assigned as one of the grounds of demurrer to the bill in this case.
In Graham v. City of West Tampa, 71 Fla. 605, 71 So. R. 926, the court said: "Where the essential requirements of the law are not observed in making valuations of property for assessment, and the valuations as made are shown by admissions or proofs to be clearly excessive, unjust and unequal, appropriate relief may be had in equity, even though the proceedings authorized by law for seeking relief from administrative officers were not utilized, where the case made shows a flagrant violation of or omission to follow the mandatory requirements of the law in valuing property for taxation."
We have seen that the good faith and validity of the actions of taxing officers will be presumed. This rule is applicable here to the actions of the defendant challenged in this suit. It is also well settled that where equity may properly be invoked to restrain the collection of taxes on the ground of the invalidity of the assessment, the complainant must make a complete case for equitable relief by excluding every reasonable hypothesis of a legal assessment against him. Roberts v. American National Bank, 94 Fla. 427, 115 So. R. 261. The law contemplates that assessing officers shall make just, fair and impartial valuations of property for assessment purposes. And their valuations, when made in the manner provided by law and with practical regard to existing conditions and circumstances of character, locality, use and other matters that may affect values, will in general not be disturbed by the courts, unless it appears *Page 360 
that by intentional, unjust discrimination, or by systematic, arbitrary action, there results manifest and gross inequality or injustice in fixing values, abstractly or relatively, showing an abuse of authority to determine values for assessment purposes. German-American Lbr. Co. v. Barbee,59 Fla. 493, 52 So. R. 292; Camp Phosphate Co. v. Allen,supra; City of Tampa v. Palmer, supra; Chicago Great Western R. R. Co. v. Kendall, 266 U.S. 94, 69 Law Ed. 183. The duty to bear a just share of taxation, justice to other tax payers, and the requirements of government, would make it inequitable to give relief from all taxation because there may be some inequality in assessment valuations.
But this case, upon application for a temporary injunction, was presented to the chancellor on a sworn bill of complaint. There was no answer for defendant denying the allegations of the bill or any of them. Nor were they otherwise controverted, except inferentially by affidavits of county assessing officers and others showing the basis of assessment of personal property made by such officers. There were filed a number of affidavits, on behalf both of complainants and defendant. Upon consideration of the affidavits in evidence the chancellor found that an assessment of complainants' property on a basis of 26.80 per cent of its value would place their assessments on a parity with other similar property. This was a finding of fact. At the argument it was stated that the chancellor reached this conclusion by taking into consideration, first, affidavits filed on behalf of complainants; second, where complainants had no affidavits, then those filed by defendants; and third, where neither filed affidavits, a presumption that the county assessment was on a basis of fifty per cent of actual value. If taxable personal property, other than property the value of which is fixed for the purpose of taxation by *Page 361 
the Railway Assessing Board, is assessed upon a basis of 26.80 per cent, and complainants' property is assessed upon a basis of fifty per cent, as the bill alleges, then the assessment of complainants' property was excessive. The bill alleges that the lower valuation of other property of the same class by assessing officials is systematic, habitual and intentional; that it is not the result of inadvertence, oversight, honest mistake, or judgment, or lack of knowledge of values, all of which was known to the Railway Assessing Board. This brings the case, under the authorities cited, within the rule by the terms of which equitable relief may be available.
Therefore, considering as true all the allegations of the bill which the demurrer admits and upon the showing made it can not be said that the court erred in granting the temporary injunction.
But complainants assign as errors the conditions of the restraining order. They admit the tax to be legal, computed upon an assessment based on twenty per cent of the value of their property. The chancellor considered the evidence submitted and found the tax to be legal, computed on 26.80 per cent of the value of their property. And having so found, so conditioned the order that taxes on that basis should be paid into the registry of the court before the injunction should become effective. This was not such an improvident exercise of judicial discretion as to render the order erroneous. Meccano Ltd. v. Wannamaker, 253 U.S. 136. On the contrary, such jurisdiction is expressly conferred by statute. Chap. 8586, Acts 1921; Secs. 1038, 1039, 1040, Comp. Gen. Laws.
The condition of the order requiring assent of complainants to distribution by defendants of amounts tendered with the bill, in accordance with further decree of *Page 362 
the chancellor, was superseded by this Court, and such amounts have been distributed by the defendant.
No errors have been made to appear, either on the appeal or cross-appeal. So the order appealed from will be affirmed.
Affirmed.
TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.