W. E. HARKNESS, as City Tax Collector, *Appellant,* v, SEABOARD AIR LINE RAILWAY, a corporation, *Appellee.*

Division B.

Opinion filed May 6, 1930.

Partition for rehearing denied May 28, 1930.

*Gaines & Futch,* for Appellant;

*Duncan & Hamlin,* for Appellee.

BUFORD, J.—The question presented by this appeal is whether or not appellant, the tax collector of the City of Leesburg, acting for and on behalf of the City of Leesburg, was authorized to assess the pro rata value of rolling stock at a higher valuation than that fixed and apportioned to the City of Leesburg by the Comptroller under the provisions of Section 747, Rev. Gen. Stats 1920, Section 960, Comp. Gen. Laws. The question was resolved in favor of the railroad company by the chancellor and from that order the tax collector took appeal.

The right of the city to assess its own valuation on the property of the railroad company located within the city was determined by this Court in the case of the Town of Auburndale v. Cline, et al., 82 Fla. 121, 89 So. R. 427.

The opinion and judgment in that case, however, does not dispose of the question here presented. In that case it was held that the city had the right to place its own valuation upon the property within the limits of the municipality under the provisions of Section 5, Article IX of the Constitution. This provision of the Constitution, however, could not be extended to authorize the city to make its own evaluation and assessments upon property taxable by the municipality but not located within the municipality.

The property here under consideration is not located within the municipality but may be located either there or elsewhere. It is the transitory property of the railroad company which is assessed altogether as a unit and then the valuation of the unit as fixed by the Comptroller is under authority of the statute apportioned to various taxing districts, including municipalities. The municipality acquires the benefit of the situs of the property for the purpose of taxation only insofar as the action of the

Comptroller under the provisions of the statute constructively places the situs of the value of the apportionment to the municipality as fixed by the Comptroller.

There is nothing upon which the municipality may base an assessment in regard to this property except the value of the apportionment of the unit made to the municipality by the comptroller. The unit system of taxation such as is here under consideration is recognized as a legitimate method of taxation and assessments made thereunder are held valid.

In A. C. L. R. R. Co. v. Amos, 94 Fla. 588, 115 So. R. 315, the Court say:

"The power of the Legislature, where there is no constitutional provision prohibiting it, to apportion the value of railroad personal property such as that described in said Section 747, to the track mileage for purposes of local taxation is well recognized. State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Cooley on Taxation (4th Ed.) No. 454; Columbus Southern Railway Co. v. Wright, 151 U. S. 470, 4 Sup. Ct. R. 396, 38 L. Ed. 238.

"The general rule is that the situs of personal property for the purpose of taxation is primarily at the domicile of the owner, subject to certain exceptions, such as the acquisition of a fixed situs different from that of the owner. 26 R. C. L. 273, 278; Hunt v. Turner, 54 Fla. 654, 45 So. R. 509."

In Chicago & N. W. Ry. Co. v. State, et al., 108 N. W. R. 557, the Supreme Court of Wisconsin, speaking through Mr. Justice MARSHALL, say:

"The contention of counsel for appellant that the system of assessing each railway system as a unit, and sending to each taxing district a ratable proportion

thereof, is the only proper way to legitimately and justly tax such property on the ad valorem plan, that each railway company should be required to deal with the multitude of taxing districts through which the road runs, covering in some cases a large part of the state, could not be taken seriously if it were not so vigorously and so confidently, as it appears, insisted upon. There can be little doubt, it would seem, from a careful review of the decisions in the federal circuit court, but what the system embodied in the law before us was regarded by such courts as a distinct advance from the old method, in the line of that uniformity commanded by the Constitution, and that such view was approved by the federal Supreme Court. It appears that the better way to promote that equality and justice to all, which the Constitution guarantees, is to maintain the integrity of the unit system in its entirety in treating railway properties for taxation, which we find, after a most careful study of all the attacks upon it, to stand the test of the Constitution at all points.''

The only reason why the assessment and valuation placed by the Comptroller on main tracks and side tracks is not binding upon a municipality as to such main tracks and side tracks located within the municipality is because of the contrary provision of Section 5 of Article IX of the Constitution. Town of Auburndale v. Cline, *supra.*

For the reasons stated the decree appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.