CITY OF BRADENTON, a Municipal Corporation, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILWAY COMPANY, a Corporation, *Defendant in Error*.

Division B.

Opinion filed August 5, 1930.

Petition for rehearing denied September 4, 1930.

*Dewey A. Dye* and *Womack & Gray,* for Plaintiff in Error;

*Knight, Thompson & Turner,* for Defendant in Error.

BUFORD, J.—This case contains elements identical with those present in the case of Auburndale v. Cline et al., 82 Fla. 121, 89 So. R. 427, and others identical with those presented in the case of Harkness, City Tax Collector, v. S. A. L. Ry. Co., opinion filed May 6th, 1930, and reported in 128 So. R. 264.

The suit was to enjoin an assessment made by the City Tax Assessor against certain railroad property which was not in conformity with the assessment made by the State Assessing Board composed of the Comptroller, Attorney General and State Treasurer. The assessment made by the State Assessing Board was as follows:

```
".75 mile main track at $4,025 a mile......  $ 3,019.00
 .97 mile side track at $3,000 a mile......    2,910.00
 Pro rata value appurtenant supplies.....        636.00
 Pro rata value rolling stock............      4,727.00
                                             ───────────
                                             $11,292.00
```

The assessment made by the city tax assessor was as follows:

```
".75 Mi. of main track @ $118,375.25....$ 88,781.44
 .97 Mi. of side track @      88,230.00....  85,583.10
 Pro rata value of rolling stock......... 139,021.07
 Pro rata value of appurtenances and sup-
    plies ...............................  18,704.76
                                          ───────────
    Total value .......................$332,000.00
    Taxes ............................     4,814.00"
```
Tax rate 14½ mills.

The lower court held in effect that the city was bound by the entire assessment so far as made by the State Assessing Board and required the city tax assessor to accept that assessment.

The city is bound by the assessment made by the State Assessing Board as to the pro rata value of appurtenant supplies and as to the pro rata value of rolling stock under authority of the opinion in the case of Harkness v. S. A. L. Ry., *supra*.

Although the city is not bound by the assessment made by the State Assessing Board as to the assessment of mileage of main track and of side track in the corporate limits, (Auburndale v. Cline, *supra*, Ellis v. A. C. L. Ry. Co., 68 Fla. 166, 66 So. R. 1005) yet, the city is bound to make its assessment in such a manner as to result in a just valuation of such property. In Merrell et al. v. City of St. Petersburg, 64 Fla. 367, 60 So. R. 349, in an opinion prepared by Mr. Chief Justice WHITFIELD, this Court say:

"The provision of Section 5 of Article IX 'and all property shall be *taxed* upon the principles established for State taxation' contemplates that the power of taxation given and exercised by a municipality shall 'provide for a uniform and equal rate of taxation and shall prescribe regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes,' as required by Section 1 of Article IX. The provision of Section 5 of Article IX, 'but the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits,' is a mandate that in levying taxes upon property for municipal purposes, cities and towns *shall* make their own assessments.' Such 'assessments' including the valuation, must observe the 'principles' requiring 'a just valuation of all property, both real and personal,' except such as is lawfully exempted, and the 'assessments' must have a

fair relation to 'a uniform and equal rate of taxation'; but the valuations included in the 'assessments' are not required to be the same as those used for purposes of State taxation. Section 24 of Article III, Section 8 of Article VIII, and Section 5 of Article IX, all contemplate that the valuation included in assessments of property for municipal purposes may under proper legislative authority be different from the valuations included in the assessments made of the same property for State taxation. The organic requirement is that the 'property shall be taxed upon the principles established for State taxation'."

The record in this case shows that the city tax assessor arrived at his evaluation of the railroad property assessable within the city limits not by any comparison with other property used for railroad purposes in the same manner in which this property was used, but by fixing a like valuation on the railroad property as was fixed upon and assessed against other property adjacent thereto and used for other purposes. It does not appear that the assessor took into consideration the fact that the railroad company is limited to the use of its property for railroad purposes only, and that in its use of such property it is bound and circumscribed by the laws of the State and Federal Government regulating such use.

The figures adopted by the city assessor show that he placed an evaluation on railroad main line at the rate of $118,375.25 per mile and upon side tracks at approximately $86,000 per mile. This evaluation is upon its face grossly excessive.

In L. & N. R. R. Co. et al. v. Amos, 98 Fla. 350, 123 So. R. 745, the Court in an opinion prepared by Mr. Justice WEST, in which case the present writer was disqualified, say:

"The law contemplates that assessing officers shall make just, fair and impartial valuations of property for assessment purposes. And their valuations, when made in the manner provided by law and with practical regard to existing conditions and circumstances of character, locality, use and other matters that may affect values, will in general not be disturbed by the courts, unless it appears that by intentional unjust discrimination, or by systematic, arbitrary action, there results manifest and gross inequality or injustice in fixing values, abstractly or relatively, showing an abuse of authority to determine values for assessment purposes. German-American Lbr. Co. v. Barbee, 59 Fla. 493, 52 So. R. 292; Camp Phosphate Co. v. Allen, *supra;* City of Tampa v. Palmer, *supra;* Chicago Great Western R. R. Co. v. Kendall, 266 U. S. 94, 69 Law Ed. 183. The duty to bear a just share of taxation, justice to other tax payers, and the requirements of government, would make it inequitable to give relief from all taxation because there may be some inequalities in assessment valuations."

It appears to us that the law requiring the assessing officer to make a just, fair and impartial valuation of the property for assessment purposes has been violated and that the assessment is, therefore, not binding upon the property owner. It further appears, however, that there has been no evidence adduced in this case to show the true cash value of the main track and side track within the city limits of the plaintiff in error. It will, therefore, be necessary for the court below to take further testimony to ascertain the cash value of the property, that is, the main track and side track within the municipality, and apply to that valuation the rules of assessment as applied to other property in the municipality in proportion to the cash

value thereof. Sections 1008, 1038, Comp. Gen. Laws, 1927; L. & N. R. v. Amos, 98 Fla. 350, 123 So. R. 745.

For the reasons stated the decree should be reversed and the cause remanded with directions that the chancellor take further testimony to ascertain the necessary facts, and thereupon that a decree be entered not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.