STEPHEN O. SPROUL, at Tax Collector, v. THE ARUNDEL
CORPORATION.

190 So. 609
Division B
Opinion Filed July 21, 1939

*Harry A. Johnston* and *Sidney J. Catts,* for Petitioner;
*Loftin, Calkins & Anderson* and *Arthur H. Shoupe,* for
Respondent.

CHAPMAN, J.—On petition· for a writ' of certiorari in
this Court, it has been made to appear that ·an amended
bill of complaint was filed on March 14, 1939, by the re-
spondent in the Circuit Court of Palm Beach County,
Florida. There was a tender in the sum of $1,028.50 into
the court simultaneously with the filing of the amended
bill of complaint. · An order was entered by the lower court·
on March 23, 1939, requiring the relator here, defendant
below, to plead as advised within thirty days after March
23, 1939. The case is here for the second time. See
Arundel Corporation v. Sproul, 136 Fla. 167, 186 So. 697.

On March 14, 1939, defendant below filed a motion to
dismiss the amended bill of complaint on several grounds,
viz.: (a) the amended bill is not in accord with the mandate
of this Court; (b) the amended bill should comply with all
the provisions of Section 1038 C. G. L.; ·(c)· the amended

bill of complaint seeks to re-litigate items and things decided by the former opinion of this Court; (d) the allegations of the amended bill are in conflict with the decision of this Court; (e) other grounds of the motion challenge the sufficiency of the allegations of the amended bill because the same fail to conform with the "law of the case."

An examination of the material allegations of the amended bill shows that the motion to dismiss may have merit but it cannot be successfully contended that the amended bill is without equity. It is true as disclosed by our previous decision in this cause that many of the allegations appearing in the amended bill cannot be re-litigated as there must be an end to litigation. The legality or validity of the assessment of the property of the respondent was fully adjudicated by this Court. The question to be settled by the lower court was the question, only, of the value of the property of the respondent assessed for taxation by the Tax Assessor of Palm Beach County. The language of the decision of this Court is, viz. (196 So., text page 683) :

"In reviewing the entire record of the case, we are impressed with the sharp conflict and dispute of the witnesses and evidence as to the value of the property assessed for taxation. The other questions of law were settled correctly by the chancellor below.. We believe the plaintiff should be allowed the right and privilege to be heard on the question of value of the property assessed for taxation by the Tax Assessor of Palm Beach County. We think an amended bill should be filed complying fully with Section 1038, C. G. L., and paying into the court the amount of the money for taxes that could have been lawfully assessed as viewed by the plaintiff. Louisville & N. R. Co. v. Amos, *supra* (98 Fla. 350, 123 So. 745). The amended bill shall

be filed within thirty days after issuance of the mandate in this cause; otherwise the decree appealed from shall stand affirmed. It is so ordered."

While it is true that the allegations of the amended bill in a general manner conflict with the opinion and mandate of this Court in this cause, there was no motion to strike or to expunge the same and the amended bill contained equity and the ruling of the lower court in overruling the motion to dismiss was without error. Our former opinion in this cause is altered or modified so as to restrict the issues in the lower court to the sole question as to the properly assessable value of the property of the respondent assessed for taxation and to the payment into the registry of the court the full amount of any such tax, assessment or toll which the respondent admits to be legal and due therefor as provided by Section 1038 C. G. L. This Court held valid the assessment of the respondent's property in its previous decision.

The application for a writ of certiorari is hereby denied.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.