TERRELL, Justice.
This suit was brought by appellants to secure relief from tax assessments on certain business properties in Dade County. They challenge the equity and validity of the 1953 Dade County tax roll, relying on Section 196.01, F.S.A. They say the tax assessor and the Equalization Board intentionally, arbitrarily and designedly imposed on their property a “higher percent of its full, actual cash value than proportionately to other taxable property of the same class,” and that their property was assessed “without any due consideration as to cash value.” At final hearing the amended complaint was dismissed for want of proof of the allegations sufficient to make a prima facie case. Complainants have appealed from the final decree.
We have examined the record and have reached the conclusion that the judgment appealed from must be affirmed. There is not the slightest showing of fraud, abuse of discretion or arbitrary discrimination in making the assessment. The plaintiff made no complaint to the Board of Equalization but relies on a Court of Equity to relieve him from the assessment. Appellants rely on a list of properties with values evidenced by state and federal excise stamps but these are of no evidentiary value because they are not shown to be of parallel or similar value to the lands of appellants, of the same type of appellants or in the same locality.
We think the case is controlled by and should be affirmed on authority of City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115; German-American Lumber Co. v. Barbee, 59 Fla. 493, 52 So. 292; Wade v. Murrhee, 75 Fla. 494, 78 So. 536; City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577; Louisville & N. R. Co. v. Amos, 98 Fla. 350, 123 So. 745, and City of Bradenton v. Seaboard Air Line Ry. Co., 100 Fla. 606, 130 So. 21.
Affirmed.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.