MORROW, R. O., Associate Judge.
This is a timely interlocutory appeal by the plaintiff below from an order dismissing his complaint for failure to state a cause of action.
The appellant is a corporation engaged in the road construction business. Its home office is in Broward County. In January 1964, appellant was performing work on a project in Sumter County and had some heavy machinery located there. This property was assessed by the appellee, Sumter County Tax Assessor. Appellant brought this suit in equity to have the assessment set aside as void, on the theory that the machinery had not acquired a tax situs in Sumter County. The appellees, defendants, below, moved to dismiss the complaint, and the granting of this motion by the chancellor is the order appealed.
The question to be determined is whether or not the tangible personal property was taxable in Sumter County. Fla. Stat., Sec. 200.021, F.S.A., provides:
“(1) All taxable tangible personal property, as defined by § 200.01, located in the state between January 1 and March 31 of each year (both dates inclusive) shall be taxable for said year in the county and by the tax assessor of the county in which the same is located; provided, that tangible personal property brought into the state after January 1st and before April 1st of any year shall be taxable for that year only if such property is brought into the state for resale or if the assessor has reason to believe that such property will be removed from the state prior to January 1st of the next succeeding year.
“(2) All taxable tangible personal property which is removed from one county in this state to another county after January 1st of any year shall be subject to taxation for said year in the county where it was located on January 1st.”
The term “taxable situs,” or “situs,” is not used in the above section.
“The general rule is that the situs of personal property for the purpose of taxation is primarily at the domicile of the owner, subject to certain exceptions, such as the acquisition of a fixed situs different from that of the owner.” (Harkness v. Seaboard Airline Railway, 99 Fla. 1027, 128 So. 264; Hunt v. Turner, 54 Fla. 654, 45 So. 509)
The actual physical location of taxable personal property is not necessarily the same as the tax situs of such property.
“In order to acquire a situs in a state or taxing district regardless of the domicile of the owner and not taxable in another state or district at the domicile of the owner, tangible personal property must be more or less permanently located in the state or district. In other words, the situs of tangible *596 personal property is where it is more or less permanently located rather than where it is merely in transit or temporarily for no considerable length of time.” (2 Cooley on Taxation, 4th Edition, Page 982, Section 452)
Whether or not tangible personal property is temporarily or permanently located in a certain county must he determined from the facts of each case. If the tangible personal property is in a temporary or transitory status, it will be taxed at the domicile of the owner when properly returned for taxation at said domicile; otherwise, the tax situs would be in the county where the tangible personal property was located on January 1st of the year in which the tax is assessed.
With reference to Fla.Stat., Sec. 200.09, F.S.A., the same determination of permanent or transitory status of tangible personal property would have to be resolved in each case.
On a Motion to Dismiss, all facts well pleaded in the Complaint are taken as true. The Complaint alleges that the tangible personal property was returned for taxation purposes by the Appellant to the Tax Assessor of Broward County, and that said County was the place of business of the Appellant corporation, and that the personal property in question was located in Sumter County on a temporary or transitory basis. Said Complaint stating a cause of action, the Order of the Trial Court entered June 4, 1965, dismissing said Complaint is reversed, and this cause remanded for further proceedings not inconsistent with this opinion.
Reversed.
SHANNON, Acting C. J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.