CALDWELL, Justice.
We have this cause, certiorari granted, on demonstrated conflict between the instant decision of the District Court of Appeal, Second District,[1] and St. Joe Paper Company v. Ray.[2]
The question involved is the situs of tangible personal property for the purpose of taxation under the Florida Statutes. The respondent, by a complaint in chancery, sought to have its tangible personal property taxes for 1964, as assessed by the tax assessor of Sumter County, declared null and void, alleging that on January 1, 1964, it was engaged in its business of road construction in Sumter County, using heavy equipment on a temporary or transitory basis; that, except for a construction shack at the work site in Sumter County, it did not maintain an office for the conduct of its business in that county but did maintain its business office in Broward County. The complaint further alleged the respondent had reported *546 the equipment in question for taxation in Broward County; that 90% of the equipment used on the job in Sumter County was leased or rented or belonged to subcontractors.
Motion to dismiss, filed by the defendants (appellants) was granted by the trial court. Plaintiff (respondent) appealed to the District Court of Appeal, Second District, which reversed, holding the property taxable in Broward County.
The sole question is whether the personal property, located on a construction job in Sumter County on January 1, 1964, was taxable in Sumter County. The answer must be found in the language of Florida Statutes § 200.021(2) [3] and'§ 200.09, [4] F.S.A. which require that taxable tangible personal property removed from one county to another shall be taxed in the county where it was located on January 1 and that where a taxpayer has tangible personal property in more than one county he shall file separate returns in each such county.
Florida Statutes § 200.021(2), F.S. A. is not to be defended as representing a satisfactory or equitable disposition of many pertinent questions incident to the problem of personal property taxation. Conceivably, taxation under the strict rule imposed may result in both hardship and inconvenience but alleviation is to be found in the legislative halls rather than in the Courts. We must hold the tangible personal property then owned by the respondent and located in Sumter County on January 1, 1964, was taxable for that year in that county.
The decision of the District Court is quashed and the cause remanded for disposition consistent herewith.
THORNAL, C. J., THOMAS, DREW and O’CONNELL, JJ., and PARKER, Circuit Judge, concur.
ERVIN, J., dissents with Opinion.

. 183 So.2d 594 (Fla.App.2nd 1966).

. 172 So.2d 646 (Fla.App.1st 1965).

. “(2) All taxable tangible personal property which is removed from one county in this state to another county after January 1st of any year shall be subject to taxation for said year in the county where it was located on January 1st.”

. “Where tax returns shall be filed.— Where a taxpayer has tangible personal property in more than one county, he shall make and file a separate tax return for each and every county, and in such return he shall show the tangible personal property he has for taxation in the county where the return is made.”