JORGENSON, Judge,
dissenting.
I respectfully dissent. The court’s generous view of the complaint amounts to appellate largesse rarely seen in our cases. While appellate courts frequently and properly affirm trial court rulings if they are correct for any reason which appears in the record, appellate courts rarely reverse trial court rulings on issues not framed in the appeal (appellant’s own brief states: “The only issue raised here is which Statute of Limitations applies to this case.”), see, e.g., Truxell v. Truxell, 259 So.2d 766 (Fla. 1st DCA 1972); Florida Citrus Commission v. Owens, 239 So.2d 840 (Fla. 4th DCA 1970) (on rehearing), cert. denied, 242 So.2d 873 (Fla.1971), or not raised below. See, e.g., Estate of Conger v. Conger, 414 So.2d 230, 232 n. 1 (Fla. 3d DCA 1982); Integrated Container Services, Inc. v. Overstreet, 375 So.2d 1146, 1147 (Fla. 3d DCA 1979). The issue involved in this appeal is the propriety of the trial court’s ruling on a motion for summary judgment, not a motion to dismiss without leave to amend.
The complaint does not mention any tor-tious acts occurring in Florida. The trial court properly applied section 95.10, Florida Statutes (1983), and the relevant leading case on this issue, Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983), rev. denied, 446 So.2d 99 (Fla.1984), which is indistinguishable from the case at bar.
I would affirm the summary judgment.